IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE GANAWAY, | ) | CASE NO. 1:13 CV 833 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| STATE OF OHIO, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Clarence Ganaway, a state prisoner incarcerated at Mansfield Correctional Institution, filed the above captioned action under 42 U.S.C. § 1983 against the State of Ohio. The Complaint seeks monetary damages and declaratory and injunctive relief. (Doc. 1.) Plaintiff has also filed an application to proceed *in forma pauperis*. (Doc. 3.) For the reasons stated below, that application is denied and this action is dismissed without prejudice.

## Background

The Complaint is mostly incomprehensible. Plaintiff alleges he seeks to "transfer" to this Court an action he previously filed in the United States Court of Federal Claims, which was dismissed for lack of subject matter jurisdiction. *See Ganaway v. United States*, No. 12-654 C, 2012 WL 4761350 (Fed. Cl. Oct. 2, 2012). He states the present lawsuit "is a civil action authorize[d] by U.S.C. 42 § 1983 [*sic*] to redress the deprivation, under the color of state's law, of rights secured by the Constitution of the United States[,]" (Doc. 1 at 4), but otherwise fails to elaborate as to what injury he seeks to remedy or which of his constitutional rights have been violated as a result.

**Law and Analysis: Application of 28 U.S.C. § 1915(g)**

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the Complaint. 28 U.S.C. § 1915(b); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (1997). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the Sixth Circuit has held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As the language of 28 U.S.C. § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." The imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, No. 08–2602, 2011 WL 1105652, at *3 (6th Cir. March 28,

2011). For purposes of determining whether a pleading satisfies this exception, the Court considers whether the plaintiff is in imminent danger at the time of the filing of the complaint. *Id.* at *2 (noting that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, No. 06–4472, 2008 WL 3889860 (6th Cir. Aug. 20, 2008). Moreover, "[a]negations that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v. Pentrich*, No. 10–1388, 2012 WL 1700701, at *1 (6th Cir. May 15, 2012).

Ganaway has on at least five occasions filed a civil action failing to state a claim in this court. *See Ganaway v. Ohio*, No. 1:12-CV-01486, 2012 WL 5386031 (N.D. Ohio Nov. 2, 2012) (Gwin, J.); *Ganaway v. Ohio*, No. 3:12 CV 1448, 2012 WL 5378730 (N.D. Ohio Oct. 31, 2012) (Zouhary, J.); *Ganaway v. United States*, No. 1:12 CV 1009, 2012 WL 3732856 (N.D. Ohio Aug. 28, 2012) (Gaughan, J.); *Ganaway v. Ohio*, No. 1:11CV0176, 2011 WL 971336 (N.D. Ohio Mar. 17, 2011) (Gaughan, J.); *Ganaway v. Cleveland Police Dep't*, No. 3:07 CV 2939, 2007 WL 4460860 (N.D. Ohio Dec. 14, 2007) (Katz, J.). Thus, Plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g).

Because his present Complaint is devoid of any factual allegations whatsoever, much less any allegation reasonably suggesting Plaintiff is in imminent danger of serious physical injury, Plaintiff may not proceed *in forma pauperis*.

### Conclusion

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. 3) is denied

and this action is dismissed, without prejudice, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g). If Plaintiff wishes to continue this case, he must within thirty (30) days of the entry of this Order: (1) pay the $350 filing fee in full, noting the above case style and number; **and** (2) file a motion to reopen the case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

    IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2013

---

[1] 28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."